**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANDRE E. WILLIAMS, | : | CIVIL ACTION NO. **4:CV-08-0792** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| vs. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS A. MARINO, and | : | |
| KENNETH OSOKOW, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Diandre E. Williams, currently an inmate at the Lycoming County Prison ("LCP") filed his third civil rights action, pursuant to 42 U.S.C. § 1983, on March 31, 2008, in the Court of Common Pleas of Lycoming County, Pennsylvania ("CCP"), docket no. 08-00501. Plaintiff is proceeding *pro se*. Plaintiff's previous actions were Civil Nos. 03-0653 and 03-0632, M.D. Pa. (Doc. 1, Exs. C and D). Plaintiff's # 06-0653 case, filed April 17, 2003, was dismissed pursuant to Fed.R.Civ.P. 41(b) since Plaintiff failed to timely pay the filing fee or file an *in forma pauperis* motion.[1] Plaintiff's # 03-632 case was filed on April 15, 2003 and was closed by the District Court on November 30, 2005 (Doc. 78) when it adopted our Report and Recommendation (Doc. 77) and granted Defendants' Motions for Summary Judgment. The Court also entered judgment in favor of the three Defendants, former Lycoming County District Attorney ("DA") Marino, Assistant District

---

1. Although Defendants have attached copies of the docket sheets for Plaintiff's Civil Nos. 03-0653 and 03-0632, M.D. Pa. (Doc. 1, Exs. C and D), we take judicial notice of the rulings of this Court in those cases.

Attorney ("ADA") Osokow and Detective Gilson.  Defendants Marino and Osokow's Motion for

Summary Judgment was Doc. 64, and Defendant Gilson's Motion for Summary Judgment was Doc.

66, # 03-0632.[2]

On April 28, 2008, Defendants Marino and Osokow filed a Notice of Removal and

removed the instant case to this Court.  Defendants paid the full filing fee.  (Doc. 1).  Defendants

removed this case based on 28 U.S.C. § 1441 since Plaintiff's Complaint, in part, alleged violations

of his Constitutional rights, *i.e.* his Fourth Amendment, Sixth Amendment, and Fourteenth

Amendment rights. Plaintiff also claims that the conduct of Defendants "resulted in [his] prolonged

incarceration" and caused his "wrongfull (sic) imprisonment."  (Doc. 1, Ex. A, p. 3).  Plaintiff's

Complaint filed in the CCP is attached to Defendants' Notice of Removal and it is referenced as

Doc. 1, Ex. A.  Plaintiff's Complaint is styled as a "Legal Malpractice Complaint" and, in addition

to the constitutional claims, raises legal malpractice claims against Defendants and asserts a

"professional liability claim" against Defendants.  (Doc. 1, Ex. A, p. 1).[3]

---

2.  Only Marino and Osokow are named as Defendants in Plaintiff's present action.


3.  As discussed below, to the extent that Plaintiff claims that Defendants' alleged conduct resulted in his prolonged incarceration and caused his wrongful imprisonment (Doc. 1, Ex. A, p. 3), these claims may be *Heck*-barred even though the Defendants dismissed the murder charge against Plaintiff since Plaintiff has averred that the charge led to his parole detainer and seemingly his present incarceration on a parole violation.

To the extent that Plaintiff raises negligence claims against Defendants in this § 1983 action, as stated below, these claims should be dismissed.

Further, insofar as Plaintiff is asserting a claim against Defendants based on professional liability, he was required to file a Certificate of Merit ("COM") under Pa. Rule 1042.3.  *See Boyd v. U.S.*, 2006 WL 2828843 (M.D. Pa.); *Thompson v. U.S.*, 2006 WL 1725546 (M.D. Pa).  There is no COM attached to Plaintiff's Complaint. (Doc. 1, Ex. A).  Plaintiff's failure to file a COM is grounds for dismissal of his professional liability claim against Defendants.

Subsequently, during our screening of Plaintiff's Complaint under the PLRA, on May 7, 2008, Defendants filed a Motion to Dismiss or Strike Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). (Doc. 2). While Defendants have not yet filed their support brief, we see no need to wait for it since we are obligated to screen Plaintiff's Complaint under the PLRA and to use the motion to dismiss standard. We do, however, note that Defendants raise as defense to Plaintiff's present Complaint the same bases for our instant recommendation that this case be dismissed and our finding that Plaintiff's pleading seeks monetary damages from Defendants who are entitled to prosecutorial immunity from them, and fails to state a Constitutional claim. We also agree with Defendants that Plaintiff's present action is time-barred by the statute of limitations and that his present claims are barred by *res judicata*. (Doc. 2, pp. 3-4).

On April 15, 2003, Plaintiff Williams, who at the time was a former inmate of LCP, filed his Complaint in case #03-0632 pursuant to 42 U.S.C. §1983. Plaintiff was proceeding *pro se*. Plaintiff filed a Motion to proceed *in forma pauperis*. (Doc. 2).[4]

We then screened the Complaint in case # 03-0632, pursuant to 28 U.S.C. §1915(e)(2), and recommended its entire dismissal. On January 12, 2004, the District Court, in case #03-0632, issued a Memorandum and Order adopting in part and rejecting in part our recommendations. In particular, the District Court held that the Plaintiff's claims for injunctive and declaratory relief as against Defendants Marino and Osokow should not be dismissed. (Doc. 7, p. 5, in case #03-0632). Plaintiff's requests for monetary damages against Defendants Marino and Osokow were dismissed

---

4. The District Court granted the Plaintiff's Motion to proceed *in forma pauperis*. (Doc. 7). We also note that in their Motion to Dismiss, Defendants state the correct background of Plaintiff's prior cases. (Doc. 2, pp. 2-4).

3

since these Defendants were entitled to absolute prosecutorial immunity with respect to the money damages claims. (*Id*.). The District Court also granted the Plaintiff thirty (30) days to amend his pleading to include the identities of the three John Doe Defendants against whom claims were asserted in his Complaint. (*Id*.). The District Court then remanded this case to us for consideration of the Plaintiff's amended complaint and his claims for declaratory and injunctive relief.

Plaintiff filed a document entitled "Amended Complaint" on February 13, 2004, in case #03-0632. In his amended pleading, the Plaintiff identified the three John Doe Defendants as Agent Robert Gilson, Investigator Stephen Sorage, and Det. Weber. (Doc. 10, in case #03-0632). The Plaintiff then named an additional five (5) individual police officers, as well as the Williamsport Police Department, as Defendants in his amended pleading. However, there were no claims against any of these new Defendants in the Plaintiff's original pleading or in his amended pleading specifying any conduct, wrongful or otherwise. Further, the amended pleading merely added the names of the three John Doe Defendants and listed an additional five (5) individual Defendants without specifying any unlawful conduct which they allegedly performed. Thus, on February 20, 2004, we directed the Plaintiff to file a second Amended Complaint. (Doc. 11, in case #03-0632). The Plaintiff filed his so-called "Amended Civil Complaint" on March 22, 2004, which we construed as his second Amended Complaint. (Doc. 20). We then screened this pleading in conformance with the Prison Litigation Reform Act (PLRA"), 28 U.S.C. §1915(e).

In his second Amended Complaint, the Plaintiff named as Defendants Marino, Osokow, Gilson, Sorage and the Williamsport Police Department ("PD"). (*Id*. at pp. 2-3). On March 30, 2004, we issued a Report and Recommendation recommending that Defendants PD and Sorage

be dismissed.  (Doc. 24, in case #03-0632 ).   On May 3, 2004, the District Court issued an Order

adopting our Report and Recommendation and dismissed Defendants Sorage and PD.  (Doc. 27,

in case #03-0632 ).  The case was remanded to us for further proceeding as against the remaining

Defendants, namely Marino, Osokow and Gilson.  Thereafter, on May 20, 2004, we directed the

Clerk of Court to serve Plaintiff's second Amended Complaint on the remaining Defendants.[5]

Subsequently, Defendant Marino filed a Motion to Dismiss Plaintiff's claim against him

for injunctive relief.  (Doc. 34, in case #03-0632 ).  On November 3, 2004, we issued a Report and

Recommendation ("R&R") recommending that Defendant Marino's Motion to Dismiss the

Complaint be granted with respect to its claim against him for injunctive relief.  It was further

recommended that this case be remanded to the undersigned so that Defendant Marino could be

directed to respond to the Plaintiff's claim for declaratory relief. (Doc. 44, in case #03-0632 ).  On

February 22, 2005, the District Court adopted our Report and Recommendation. (Doc. 55, in case

#03-0632 ).[6]  After the time for discovery had lapsed, the remaining three Defendants filed

Summary Judgment Motions.  (Docs. 64 and 66, in case #03-0632 ).  Defendants also filed their

Statements of Material Facts and submitted exhibits in support of their Motions.  Plaintiff, after

being given more than ample opportunity, did not oppose either of the Defendants' Summary

Judgment Motions.  Since Defendants' Statements of Material Facts were not disputed by Plaintiff,

in our November 9, 2005 R&R, we adopt them in toto, and we incorporated them by reference.

---

5. Defendant Gilson filed his Answer to the Complaint on October 1, 2004.  (Doc. 41).

6. Plaintiff's claims for injunctive and declaratory relief remained as to Defendants Osokow and Gilson.  Plaintiff's request for monetary damages only remained as against Defendant Gilson.

(Docs. 65, 68 and 77, in case #03-0632 ).  As stated, the District Court entered Judgment in favor of Defendants and against Plaintiff in case # 03-0632. (Doc. 78, case # 03-0632).

We now screen Plaintiff's third and present Complaint against Defendants Marino and Osokow under the PLRA.  Notwithstanding the payment of the filing fee by Defendants when they removed this action to this Court, the Court can still screen the Complaint of inmate Plaintiff Williams.  Specifically, even though the filing fee for a civil rights action is paid, we must still screen the inmate's Complaint pursuant to 28 U.S.C. § 1915A.  *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004) 2004 WL 229073 (Non-precedential) (If prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. § 1915A(b) and not 28 U.S.C. § 1915(e)(2)(B)); *Vieux v. Smith*, 2007 WL 1650579 (M.D. Pa.); *Padilla v. Beard*, 2006 WL 1410079 (M.D. Pa.). *fn [As stated, on May 7, 2008, Defendants filed a Motion to Dismiss.  (Doc. 2).  Thus, even if the Court could not screen the inmate Plaintiff 's Complaint under the PLRA, we find merit to Defendants' stated arguments in their motion. ]

Section 1915A provides:

> **(a) Screening**.- The court shall review, before docketing if feasible or,- in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > **(2)** seeks monetary relief against a defendant who is immune from such relief.

**6**

## II. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993)**.**  Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.;  Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

## III. Motion to Dismiss Standard.

When evaluating a pleading for failure to state a claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46

(1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).  A complaint filed by a *pro se* party should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citation omitted).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D Pa.).

We find that Plaintiff's instant Complaint is subject to dismissal for a myriad of reasons,[7] including the following: it is barred by *res judicata* and claims preclusion doctrine; the statute of limitations ("SOL") has expired; it may be *Heck*-barred in part;[8] Defendants are entitled to

_____

7. As stated above, in their Motion to Dismiss (Doc. 2), Defendants raise most of the bases we find subject Plaintiff's Complaint to dismissal.

8. Plaintiff alleged in his case #03-0632 that the murder charges against him were dismissed on April 20, 2001, by Defendants but that Defendants  did not seek his release due to a probation detainer which was placed on him as a result of the arrest for murder.  Thus, it is not clear if Plaintiff's present confinement  in LCP is the result of a probation violation due to his 2000 arrest on the murder charge.  In any event, Plaintiff's present claims under the Fourth Amendment, seemingly for his seizure without probable cause, and for false imprisonment against Defendants, even if their alleged conduct lead to his present imprisonment for a parole violation, would be *Heck*-barred since Plaintiff does not state that any parole revocation decision was rendered invalid and success on Plaintiff's claim regarding illegal prolonged imprisonment and wrongful incarceration (Doc. 1, Ex. A, p. 3) would necessarily invalidate the parole revocation decision.  *See Williams v. Consovoy*, 453 Fed. Appx. 173 (3d Cir. 2006).

prosecutorial immunity with respect to Plaintiff's claims for monetary damages; and Plaintiff's negligence claims against Defendants are subject to dismissal.[9]

## IV.  Allegations of Second Amended Complaint in case #03-0632.

We repeat Plaintiff's allegations of Second Amended Complaint in case #03-0632 from our November 9, 2005 R&R issued in the stated case.

The Plaintiff's action, case #03-0632, was proceeding against the three remaining Defendants, *i.e.* Defendants Thomas Marino, former District Attorney of Lycoming County, Pennsylvania,  Kenneth Osokow, Assistant District Attorney, Lycoming County, and Robert Gilson, Agent and investigating officer.

Plaintiff alleged that on June 27, 2000, he was arrested and charged with first degree murder and related charges.  Plaintiff states that, even though the Defendants knew that his claimed co-conspirator (Abdul Hakeem Clark) failed two lie detector tests about the Plaintiff's involvement in the murder, the Defendants did not dismiss the charges against him and kept him detained for a crime he did not commit.  (Doc. 20, p.43, ¶'s 19.-23., case #03-0632 ).  Plaintiff averred that

9. We read (as Defendants do, Doc. 2, ¶ 16.)  Plaintiff's Complaint as only requesting monetary damages from Defendants, *i.e.* "maximum monetary."  *See* Doc. 1, Ex. A, p. 3.  Thus, based on the District Court's prior decision in Plaintiff's case #03-0632 that Defendants Marino and Osokow were entitled prosecutorial immunity with respect to Plaintiff's request for monetary damages as against them, his present claim for monetary damages against these two Defendants based on the same facts as in his case #03-0632 are also precluded by absolute prosecutorial immunity.  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007).  Since Plaintiff is deemed as only requesting monetary damages from Defendants Marino and Osokow, and since these Defendants are entitled to prosecutorial immunity with respect to this claim, this case should be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).  Alternatively, Defendants' Motion to Dismiss Plaintiff's claim against them for monetary damages based on prosecutorial immunity should be granted.

Defendant Osokow witnessed the lie detector tests and was thus aware of the results, and had the responsibility to inform Defendant Marino of the results.  Plaintiff stated that once Defendant Osokow knew that his alibi was verified and knew of the lie detector tests results, he should have followed policy and should have advised his superior and sought Plaintiff's release from confinement.  However, the Plaintiff claimed that Defendant Osokow did not dismiss the murder charge against him until April 20, 2001, the day that Clark pled guilty to the murder at issue. (*Id*. at ¶'s 24., 26. case #03-0632). Plaintiff also claimed that, while Defendant Osokow dismissed the murder charges against him on April 20, 2001, this Defendant did not seek his release due to a probation detainer which was placed on him as a result of the arrest.  (*Id*. at ¶ 27., case #03-0632).

Plaintiff stated that after Defendant Gilson questioned him and investigated his alibi and the results of the lie detector tests, he should have followed established policy and have gone to his superiors demanding Plaintiff's release from confinement.  (*Id*. at ¶ 25., case #03-0632 ).

Thus, Plaintiff alleged that after Defendant Gilson investigated his alibi and Assistant District Attorney Osokow became aware of the alibi investigation as well as the results of the  two lie detector tests, these Defendants should have gone to their respective superiors with this information, in order to have the charges against Plaintiff dismissed and in order to have Plaintiff released from confinement.  Plaintiff claimed that Assistant District Attorney Osokow did not report the stated information until the alleged co-conspirator plead guilty to the murder.

Plaintiff averred that Defendant Marino "knew from the body of evidence present (sic) to him that the Plaintiff was innocent of these charges, but politically could not admit this, so he allowed the injustice and false imprisonment to continue, because it was in his best interest."

10

Plaintiff claims that Defendant Marino acted in order "to please one segment of the community over the other, because the deceased was white and the Plaintiff is African American." (*Id*. at p. 5, ¶ 28. case #03-0632 ).

Plaintiff claimed  that he was deprived of his liberty without due process and in violation of the equal protection clause, and that his false imprisonment constituted cruel and unusual punishment.  (*Id*. pp. 5-5).   The Plaintiff raised a false imprisonment claim, a malicious prosecution claim, due process and equal protection claims, as well as violations of his rights under the Eighth Amendment and Fourteenth Amendment. (Doc. 20, p. 5, case #03-0632 ).   Plaintiff sought a declaratory judgment and injunctive relief.   The Plaintiff also sought monetary relief from the Defendants.  (*Id*. pp. 6-7).[10]

---

10. In case #03-0632 , the District Court  dismissed the Plaintiff's request for monetary damages as against Defendants Marino and Osokow, but allowed the Plaintiff's claims for injunctive and declaratory relief as against these Defendants.  (Doc. 7, p. 5, case #03-0632 ).  The Court then dismissed the Plaintiff's claim for injunctive relief against Defendant Marino.  (Doc. 55, case #03-0632 ).

**V.  Allegations of Complaint in Case #08-0792**

Plaintiff alleged in case #03-0632 that Defendant Osokow dismissed the murder charges against him on April 20, 2001, and that this Defendant did not seek his release due to a probation detainer which was placed on him as a result of the arrest.  Plaintiff is presently confined at LCP. (Doc. 1, # 08-0792, COS attached to Notice of Removal).  Plaintiff alleges in his instant Complaint that the failure of Defendants to dismiss the case against him "resulted in [his] prolonged incarceration" and caused his "wrongfull (sic) imprisonment."  (Doc. 1, Ex. A, p. 3).  Thus, Plaintiff is clearly an inmate at LCP.

Plaintiff states in his "Legal Malpractice Complaint" that he is asserting a professional liability claim against Defendants and that this is a "Legal malpractice action against the Defendants".  (Doc. 1, Ex. A, p. 1).  Plaintiff states that Defendants breached their legal duty owed to him and that they failed to exercise the ordinary skill and knowledge of an average prosecutor in systematic abuse of prosecutorial discretion.   (*Id.*, p. 2, ¶'s 1.-2.).   Plaintiff alleges that "Defendants failed to raise issues of arguable merit along with ineffectiveness of pre-trial and all proceedings and for failing to pursue (sic) issues of arguable merit."  (*Id.*, ¶ 3.).

Plaintiff further alleges as follows:

> 4.    Marino and Osokow's failure to object to testimony under
> Incontrovertible Physical Facts Rules of Evidence and failure
> to provide such evidence or neglect to do so constituted in
> violation of (42 USCS § 1986).
>
> 5.    Marino and Osokow ever completed the task as attorney
> of deneing (sic) me any hearings or reasonable effort to dismiss
> indictment constituting violation of my 4th, 6th, and 14th
> Amendments and due process rights of a citizen of the United
> States, under (42 USCS § 1985; 42 USCS 1986;) and violation of

Pa.  Rules of Prof.  Conduct.  8.2(B); 8.3(A)(B); 8.4(A)(B)(C)(D)
(E)(F); 8.5(A);

(*Id.*, ¶'s 4.-5.).

Plaintiff's prayer for relief is as follows:

Thomas A. Marino and Kenneth Osokow failure, to dissmissed (sic)
my case against me, for the above reasons "has resulted in my
prolonged incarceration and caused irreversible harm to my
reputation as well as my wrongfull (sic) imprisonment and
mental, physical and psychological harm and suffering to
me and my family.  The Defendants negligence has proximately
caused me and my family damages and violated my civil
rights and I ask that the maximum monetary and relief be given
for t he above stated reasons.

(*Id.*, p. 3).

As stated, we construe Plaintiff as seeking only monetary damages from Defendants.

Plaintiff does not state that he seeks any injunctive relief or declaratory relief in his case and based

on his previous case, case #03-0632, Plaintiff certainly knew of the distinctions between such

injunctive claims and claims for money damages.[11]

---

11.  To the extent that Plaintiff seeks monetary damages from Defendants for mental and
psychological harm and suffering, these claims are precluded pursuant to 42 U.S.C.§ 1997e(e). The
law is clear that an inmate cannot recover for emotional injury if no physical harm is stated. Plaintiff
did not specifically allege how he was physically injured from any conduct by Defendants. Plaintiff
simply stated that Defendants' conduct caused him harm to his reputation and wrongful
imprisonment and unspecified "mental, physical and phychological (sic) harm and suffering". (Doc.
1, Ex. A, p. 3).  In this case, Plaintiff's failure to definitively state how he suffered any physical harm
from Defendants' conduct and from his prolonged incarceration is clearly insufficient to amount
to the requisite harm necessary to seek damages for mental injury.  Money damages for his mental
and psychological harm   are precluded with respect to his alleged wrongful confinement since he
has not alleged physical injury.  *See* 42 U.S.C. § 1997e(e).  The law is clear that an inmate may not
file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory
damages without any prior showing of physical injury.  Here, the Plaintiff fails to specifically claim
physical injury as a result of being illegally confined.  Thus, a claim for money damages for mental

**VI. Discussion.**

We agree with Defendants (Doc. 2, pp. 3-4) and find that Plaintiff's present claims against Defendants which are again clearly based on their prosecutorial decisions made in 1999, 2000 and 2001 are barred by *res judicata* and the claims preclusion doctrine.  Defendants are also again entitled to prosecutorial immunity with respect to Plaintiff's claims for monetary damages against them.  As stated, Plaintiff only seek money damages from Defendants.  (Doc. 1, Ex. A, p. 3).  The District Court has previously held that Plaintiff's claims for monetary damages against the two Defendants were precluded based on absolute prosecutorial immunity.  (Doc. 7, case #03-0632).[12]  Also, as Defendants assert (Doc. 2, p. 4), Plaintiff's present claims are barred by the applicable two-year SOL.[13]

---

anguish due to his alleged wrongful incarceration is precluded.  *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251(3d Cir. 2000).

12. As stated, the docket sheets for Plaintiff's two prior actions he filed with this Court are attached to Defendants Notice of Removal, Doc. 1, Exs. C and D.

13. The Plaintiff did not include the time period with respect to his present Fourth Amendment claim for the alleged failure of Defendants to take reasonable efforts to dismiss the indictment against him other than to state that during the relevant time in 2000, DA Marino was the boss of ADA Osokow (Doc. 1, Ex. A, p. 1).  Based on the pleading in Plaintiff's prior case ( #03-0632), we agree with Defendants (Doc. 2, pp. 3-4) that  it is clear that the relevant time period for his present claims is 1999-2001.

In light of the Plaintiff's admission that the alleged conduct of Defendants occurred eight (8) years ago, the statute of limitations has clearly expired.  In any event,  this defense has now been asserted by Defendants as an affirmative defense in this action.  (Doc. 2, pp. 3-4).   While we recognize that the SOL is an affirmative defense for Defendants to raise, we also  take judicial notice of the dates of Plaintiff's claims based on his prior case #03-0632.

The law is clear that Section 1983 claims are subject to a two-year statute of limitations. See *Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769

Plaintiff Williams now attempts to reassert the exact same claims against two of the exact same Defendants during the exact same time period as he raised in his case #03-0632.   Plaintiff is precluded from doing so by the doctrine of *res judicata*.  The  basis of the Defendants' Motion for Summary Judgment in Plaintiff's previous case (#03-0632) was that Plaintiff failed to establish any violation of his constitutional rights by Defendants and that Plaintiff's claims against them for declaratory relief were subject to dismissal  since he did  not have an actual case in controversy. (Doc. 71, pp. 7-10, #03-0632 ).  The District Court in Plaintiff's #03-0632 case had already found that Defendants Marino and Osokow were entitled to prosecutorial immunity with respect to Plaintiff's monetary damage claims against them.  (Doc. 7, case #03-0632).  Thus, this finding is *res judicata* with respect to Plaintiff's present claims against Defendants Marino and Osokow since his present constitutional claims are the same as in his case #03-0632 and since Plaintiff now only seeks monetary damages.  (Doc. 1, Ex. A, p. 3).  We also find that since Plaintiff has admitted in his pleadings in the present case as well as in his case #03-0632 that the alleged unconstitutional conduct of Defendants occurred in 2000-2001, the statute of limitations has expired regarding the

---

F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6.  Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury.  *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994). As in Plaintiff's prior case, it is abundantly clear in the present case, and was readily admitted by the Plaintiff, that he  discovered his Fourth Amendment cause of action in 2000 and 2001, at the time of his  alleged illegal arrest by Defendants for murder.  Further, the Plaintiff did  not assert any basis to toll the statute of limitations.   Therefore, we agree with Defendants that Plaintiff 's  present case is subject to dismissal since Plaintiff's own prior pleading shows that the statute of limitations has long expired.  In addition to being time-barred, Plaintiff's present Complaint is subject to dismissal for other reasons asserted in Defendant's Motion to Dismiss and discussed in this R&R.

Plaintiff's Fourth Amendment claims.  In any event, as indicated, the District Court agreed that Defendants Marino and Osokow were entitled to prosecutorial immunity with respect to Plaintiff's monetary damages claims in his case #03-0632 and dismissed these claims in Plaintiff's prior case. We agree with Defendants (doc. 2, pp. 3-4) and find that Plaintiff now attempts to reassert the exact same claims against the exact same two Defendants during the exact same time period.  Plaintiff is precluded from doing so by the doctrine of *res judicata*.

Further, even though the Defendants did not raise the statute of limitations as an affirmative defense in Plaintiff's prior action #03-0632, which was filed April 15, 2003 and may have been within the applicable 2-year SOL, Defendants now raise  the statute of limitations as an affirmative defense in Plaintiff's present action.  Based on the fact that our present Defendants are the same and Plaintiff's claims against them are the same, and based on Plaintiff's admissions in his pleadings in his prior case and the present case, we agree with Defendants (Doc. 2, p. 4) and  find that the instant case is subject to dismissal since it is time-barred.

In their Summary Judgment Motion and Brief in case #03-0632, Defendants Marino and Osokow contended  that all of their actions in this case relating to Plaintiff's arrest, prosecution and dismissal of the charges were all intimately related to the judicial phase of the criminal process and, thus they were entitled to absolute immunity.  Defendants asserted that Plaintiff's entire action against them should be dismissed.  (Doc. 71, p. 7, #03-0632).  The District Court in Plaintiff's case #03-0632 held that Defendants Marino and Osokow were entitled to prosecutorial immunity with respect to Plaintiff's request for monetary relief against them.  However, the District Court in case #03-0632 held that Plaintiff's claim for injunctive and declaratory relief against these Defendants

**16**

were not subject to dismissal based on prosecutorial immunity.  (Doc. 7, p. 5, #03-0632).[14]  Thus,

the District Court found that Defendants were entitled to immunity for monetary damages in case

#03-0632.  Plaintiff's claims against Defendant Osokow for injunctive and declaratory relief and

his claim against Defendant Marino for declaratory relief were allowed to proceed.[15]   In their

summary judgment filings in case #03-0632, Defendants asserted that Plaintiff failed to establish

any violation of his constitutional rights by them and that Plaintiff's claims against them for

declaratory relief should be dismissed since he did  not have an actual case in controversy.  (Doc.

71, pp. 7-10, #03-0632).  We agreed with Defendants based on the undisputed facts as detailed

in their Brief. (*Id*. and Doc. 77, #03-0632).

As Defendants stated in case #03-0632, Plaintiff essentially claimed  that they should

have dismissed the charges against him sooner than they actually did.  Defendants, through their

---

14. As stated, and as Defendants point out (Doc. 2, p. 2), the District Court in case #03-0632 dismissed the Plaintiff's claims for monetary damages against Defendants Marino and Osokow.  The District Court cited to *Schrob v. Catterson*, 967 F. 2d 929, 940 (3d Cir. 1992), for the proposition that "prosecutorial immunity [as was afforded to Defendants Marino and Osokow] protects Defendants in an individual personal capacity while injunctive relief applies to Defendant in an official capacity." (Doc. 7, p. 5, #03-0632). The District Court held that prosecutorial immunity was extended to Defendants Marino and Osokow and that all claims for money damages against them were dismissed.  (*Id*.).

15. Plaintiff alleged that Defendant Marino should have dismissed the murder charges against him after his alibi was verified and the lie detector test results were disclosed to him.  The Plaintiff claimed that this Defendant was  sued since he intentionally allowed the criminal prosecution to proceed long after he knew Plaintiff was innocent.  (Doc. 43, pp. 2-3, #03-0632).  We agree with Defendants and  find the Plaintiff's present constitutional claims against Defendants Marino and Osokow in case # 08-0792, as discussed above, to be the same constitutional claims Plaintiff raised against these Defendants in his case #03-0632.

undisputed evidence in case #03-0632, showed that they acted reasonably under the facts of this case. As Defendants stated, they reasonably relied upon the eyewitness identification of Plaintiff as the person who killed Mr. Harris. (*Id.*, p. 8 and Doc. 67, ¶ 15., #03-0632). Also, Plaintiff's co-Defendant at the time, Abdul Clark, initially identified Plaintiff, to his cell mate, as the murderer. (*Id.*, ¶ 14., Ex. C, #03-0632). We found that simply because Defendants did not believe Plaintiff's claims of innocence and of an alibi this did not establish that Defendants violated any of Plaintiff's constitutional rights. Further, as Defendants maintained, they did not violate Plaintiff's rights by releasing him after Clark's lie detector tests. Defendants showed that the lie detector tests of Abdul Clark did not exonerate Plaintiff, as deception was indicated on both occasions. (*Id.*, p. 9 and Doc. 67, ¶ 23. and Ex. O & P, #03-0632).[16]

As we stated in our November 9, 2005 R&R in case #03-0632, Clark's statements that it was Plaintiff's brother who shot Mr. Harris were deemed deceptive. It was not until April 20, 2001, when Clark plead guilty and stated that Plaintiff's brother shot Harris, that Defendant Osokow first determined with certainty that Plaintiff was mistakenly identified for his brother as the shooter. (*Id.*, ¶ 33.-34., #03-0632 ). Defendant Osokow then promptly, on April 20, 2001, recommended to Defendant Marino that the charges against Plaintiff be dismissed. The charges against Plaintiff were dismissed by the Court that day. (*Id.*, ¶ 37. and Ex. S, #03-0632). We found no violation of any of Plaintiff's constitutional rights based on the undisputed facts of case # 03-

---

16. In case #03-0632, we accepted the complete affidavit of Defendant Osokow (Doc. 67, #03-0632) and the exhibits attached thereto as undisputed, since Plaintiff did not file any evidence to the contrary in his case #03-0632.

0632.  As Defendants recognize (Doc. 2, p. 3), the District Court adopted our November 2005 R&R in case #03-0632, and entered judgment for Defendants with respect to Plaintiff's remaining claims.

In his present Complaint, Plaintiff again alleges that Defendants Marino and Osokow violated his Constitutional rights by failing to raise issues of arguable merit and failing to object to certain testimony and evidence that would have essentially lead to a quicker dismissal of the charges against him.   Plaintiff claims that Defendants' conduct caused him to be wrongfully incarcerated and that it prolonged his incarceration.   Plaintiff also now asserts that Defendants' alleged conduct was negligent and amounted to malpractice.

Insofar as Plaintiff now asserts Pennsylvania state tort law claim against Defendants  for "legal malpractice" and for failing to exercise the ordinary skill and knowledge of the average prosecutor (Doc. 1, Ex. A, pp. 1-2), and negligence as against Defendants,[17] we find that Plaintiff's state tort claims should be dismissed.  *See Dantzler v. Beard*, 2006 WL 3694515, * 5 ( W.D. Pa.)(no state law claims in civil rights action since no waiver of sovereign immunity for them by State); *Kretchmar v. Beard*, 2006 WL 2038687, * 3 (E.D. Pa.)(court stated that the inmate's state law claims

---

17.  We note that while Plaintiff attempts to sue Defendants for a Pennsylvania state law tort, in addition to his Constitutional claims that his civil rights were violated, such a tort law cause of action is not recognizable in a § 1983 action.  *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidsen v. O'Lone*, 752 F. 2d 817 (3d Cir. 1984).  It is well-settled that mere negligence is an insufficient basis to hold Defendants liable in a civil rights action.  *Hudson v. Palmer*, 468 U.S. 517 (1984).  Thus, we recommend  that Plaintiff's legal malpractice claim in his Complaint be dismissed.  (Doc. 1, Ex. A, pp. 1-2).

were barred by the Eleventh Amendment and dismissed them for lack of subject matter jurisdiction).

Based on *Dantzler* and *Kretchmar*, we find that Plaintiff's pendant state law claim against Defendants for legal malpractice is barred by the Eleventh Amendment, and we will recommend that they be dismissed.  *Id.  See also Kaucher v. County of Bucks*, 455 F. 3d 418, 435-36 (3d Cir. 2006)("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.")(citation omitted).

Moreover, as stated above, Plaintiff was required to file a COM with respect to his professional liability claims against Defendants.  A COM must be filed for a Pennsylvania State professional negligence claim or the claim will be dismissed.  *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004).  The *Velazquez* Court stated that:

> [T]he Pennsylvania Certificate of Merit Rule, 1042.3, also
> requires that a plaintiff provide a written statement by
> "an appropriate licensed professional" that a "reasonable
> probability" exists that a "licensed professional deviated
> from an acceptable professional standard."  Pa.R.Civ.P. 1042.3.
> In addition, Pa.R.Civ.P. 1042.3 requires that the certificate
> of merit be filed within 60 days of the filing of the complaint.

*Id*. at 556.  *See also Boyd, supra; Thompson supra*.

Further, Pennsylvania COM "requires a written statement of an appropriate licensed professional who will usually be a physician."  *Id*.  "If a Plaintiff does not file a certificate of merit pursuant to Pa.R.Civ.P. 1042.3, then Pa.R.Civ.P. 1042.6 provides that an entry of judgment of non pros may be entered against the Plaintiff for failure to file the certification."  *Id*.  Plaintiff would be required to file a COM with respect to his legal malpractice claims against Defendants even if they

20

are based on this Court's supplemental jurisdiction under 28 U.S.C. § 1367.  *See Thompson supra.*
As stated, no COM is attached to Plaintiff's instant Complaint, Doc. 1, Ex. A.

Based on Defendants' undisputed evidence in case #03-0632, we found that
Defendants were entitled to judgment as a matter of law with respect to Plaintiff's claims for
declaratory relief[18] against them because the Plaintiff did  not show  that they violated any of his
constitutional rights.  We found, as Defendants asserted, there did  not exist an actual controversy
entitling Plaintiff to declaratory relief.  Therefore, we recommended that Defendants' Summary
Judgment Motion be granted as to Plaintiff's remaining claims for declaratory relief against them in
case #03-0632.

We also agreed with Defendants that Defendant Osokow was entitled to judgment with
respect to Plaintiff's claim for injunctive relief against him.  Therefore, in case # 03-0632 we
recommended  that Defendant Osokow's Summary Judgment Motion be granted with respect to
Plaintiff's injunctive relief claim against him.[19]

---

18.  We noted that the Plaintiff's request for declaratory relief was as follows:
> A declaratory judgement (sic) stating that the defendants (sic) acts,
> policies and practices described (sic) herein violated plaintiff's
> Federal Rights under the Fourth, Fifth, Sixth, Eighth and
> Fourteenth Amendments.  Order further declaring that all
> defendants (sic) actions injuring (sic) Plaintiff constituted a
> breach of their oath of office.

(Doc. 20, p. 6, ¶ 1., #03-0632).


19.  In Plaintiff's case #03-0632, we also found merit to Defendant Gilson's Summary Judgment
argument that because Plaintiff's arrest for the murder of Mr. Harris was supported by probable
cause, he was entitled to summary judgment with respect to Plaintiff's § 1983 claims against him.

In *Allen v. McCurry*, 449 U.S. 90,104, 101 S. Ct. 411, 420 (1980), the Supreme Court held that traditional *res judicata* and collateral estoppel principles apply to Section 1983 suits. As Defendants contend (Doc. 2, p. 4), the finding by this Court in Plaintiff's prior action, that Plaintiff's Fourth Amendment claims against the Defendants seeking monetary damages were barred by prosecutorial immunity, applies with respect to Plaintiff's present identical claims against the same Defendants. Also, the claims preclusion doctrine prevents Plaintiff's present claims against Defendants.

The applicability of the doctrine of claim preclusion is considered under the standard set in *Selkridge v. United of Omaha Life Ins. Co.*, 360 F. 3d 155, 172 (3d Cir. 2004). The Court in *Selkridge*, 360 F. 3d at 172, stated, "[f]or claim preclusion to apply, there must have been "[1] a final judgment on the merits in [2] a prior suit involving the same parties or their privies, and [3] a subsequent suit based on the same cause of action." *General Elec. Co. v. Deutz Ag,* 270 F.3d 144, 158 (3d Cir.2001). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls America, Inc.,* 176 F.3d 187, 194 (3d Cir.1999). We find these three factors to be present with respect to Plaintiff's instant case based on the District Court's (case #03-0632, Docs. 7 and 78) January 12, 2004 Order precluding the claims against Defendants for monetary damages based on prosecutorial immunity and its November 30, 2005 Order granting Defendants judgment against Plaintiff's remaining claims. There was a final judgment on the merits with respect to Plaintiff's present claims, the

---

(Doc. 70, pp. 7-9, #03-0632). As stated, Plaintiff did not name Gilson as a Defendant in his present case.

parties were the same in Plaintiff's prior case except that Defendant Gilson is not named in the present case, and Plaintiff's instant action is based on the same Constitutional claims as he raised in his case # 03-0632.

We agree with Defendants (Doc. 2, pp. 3-4) that they are again entitled to prosecutorial immunity with respect to Plaintiff's present claim for monetary damages.  Since we find that Plaintiff only seeks monetary damages from Defendants, Plaintiff's entire new case should be dismissed.

As  in his pleading in his case # 03-0632, in the present case, the Plaintiff again raises the same Fourth Amendment claims against Defendants Marino and Osokow regarding his arrest for murder that occurred in 2000.  Since Plaintiff's present action has the same claims as his case #03-0632, and it is against the same two Defendants, and since this Court has found no merit as to his Fourth Amendment claims, we agree with Defendants (Doc. 2, pp. 3-4) and  find that Plaintiff is precluded from pursuing his present case based on *res judicata* and the doctrine of claim preclusion.  Thus, we see no reason to require Defendants to respond to Plaintiff's present Complaint.

Therefore, we shall recommend that this case be dismissed as to both Defendants.

## VII.  Recommendation.

We respectfully recommend that the Plaintiff's constitutional claims against  Defendants Marino and Osokow  be dismissed since this Court has already found Defendants were absolutely immune from Plaintiff's claims for monetary damages and that they were entitled to summary judgment with respect to Plaintiff's requests for injunctive and declaratory relief.   We also recommend  that Plaintiff's legal malpractice claim in his Complaint be dismissed.  (Doc. 1, Ex. A,

23

pp. 1-2).     Alternatively, we recommend that Defendants' Motion to Dismiss (Doc. 2) be granted.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 9 , 2008**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANDRE WILLIAMS, | : | CIVIL ACTION NO. **4:CV-08-0792** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| vs. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS A. MARINO, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 9, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

25

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                      **s/Thomas M. Blewitt**

_____**THOMAS M. BLEWITT**

                                        **United States Magistrate Judge**


**Dated: May 9 , 2008**